IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA VIOLETA RUGAMA MONCADA, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-3670 |
| TODD LYONS, et al., | § § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Sandra Violeta Rugama Moncada ("Petitioner"), a citizen of Nicaragua, entered the United States without admission or parole on December 13, 2022.[1] On August 12, 2024, Petitioner was served with a Notice to Appear, charging her with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i)(I), "as an alien present in the United States without being admitted or paroled, or who arrived in the Untied States at any time or place other than as designated by the Attorney General."[2]  On March 5, 2026, Petitioner was taken into

---

[1]Petition for a Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 4 ¶ 13; Response to the Petition for Writ of Habeas Corpus and Motion to Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 2.  For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 7, p. 2.

Immigration and Customs Enforcement custody from the Bell County Jail.[3]  Petitioner remains in immigration custody.[4]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1).  Petitioner argues that her detention without a bond hearing violates due process.[5]  Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7).  Respondents argue that Petitioner is legally detained under § 1225(b)(2) because she is an applicant for admission.[6]  Petitioner has filed a reply.[7]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2).  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026).  This mandatory detention does not violate substantive or procedural due process.  As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'"  Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003)).  Moreover, as explained in

---

[3]Id.

[4]Id.

[5]Habeas Petition, Docket Entry No. 1, pp. 5-9 ¶¶ 21-35.

[6]Respondents' MSJ, Docket Entry No. 7, pp. 1-2.

[7]Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Docket Entry No. 9.

Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED**, and Petitioner's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 23rd day of June, 2026.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE